ARTHUR CASE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Case v. Commissioner
Docket No. 17138-79.
United States Tax Court
T.C. Memo 1983-415; 1983 Tax Ct. Memo LEXIS 380; 46 T.C.M. (CCH) 773; T.C.M. (RIA) 83415; July 18, 1983. *380 Upon retiring, petitioner's wife was entitled to receive, under her employer's retirement plan which was an unfunded, non-exempt plan and was not a qualified plan or trust as defined in sec. 401, I.R.C. 1954, $289.50 per month for the remainder of her life. Instead, she elected to receive a lesser amount in return for the assurance that petitioner would continue to receive this monthly payment if he survived his wife. She also elected to have a lump-sum distribution paid to her husband in the event that she died prior to having received any monthly payments. Petitioner's wife did so die, and petitioner thereafter received a lump-sum distribution of $45,340.20. Held, this payment is fully includable in petitioner's income and does not qualify for the $5,000 exclusion otherwise allowed by sec. 101(b)(1) since petitioner, immediately before death, had a nonforfeitable right, within the meaning of sec. 1.101-2(d)(1), Income Tax Regs., to receive this amount while living. Ronald F. Kilmartin, for the petitioner. Robert H. Williams, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: *382 By statutory notice dated November 9, 1979, respondent determined a deficiency of $18,335 in petitioner's income tax for the taxable year 1976. The sole issue is whether a lump-sum payment of $45,340.20 paid to petitioner Arthur Case during 1976 as the designated beneficiary of his wife's retirement/pension plan is includable in his income for that year. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Arthur Case (hereinafter petitioner) resided in Ridgewood, New Jersey at the time of filing the petition herein. He timely filed his and his wife's joint income tax return for the taxable year 1976 with the Office of the Director, Internal Revenue Service. From June 30, 1958 until her retirement on April 13, 1976, petitioner's wife, Eleanor Case, was employed on a continuous basis as a clerk-typist by the Manhattan and Bronx Surface Transit Operating Authority (MABSTOA). Mrs. Case retired at the age of 51. While employed at MABSTOA, Mrs. Case was a member of a retirement/pension plan (hereinafter the Retirement Plan). The Retirement *383 Plan was an unfunded, nonexempt plan or trust as defined in section 401, I.R.C. 1954. Employees of MABSTOA who participated in the Retirement Plan made no direct cash contributions to the plan and MABSTOA did not withhold any portion of its employees' salaries to fund the plan. Thus, Mrs. Case made no cash contributions to the Retirement Plan during her period of employment. MABSTOA did not set up a trust account to fund the Retirement Plan. Instead, benefits were paid to members out of the operating revenues of the company on a "pay as you go" formula. The Retirement Plan provided that a participant in the plan was entitled to retirement benefits after completing 20 years of service with MABSTOA if the employee had attained 50 year of age. The amount of a participant's retirement benefit under the Retirement Plan was based upon years of service, level of compensation, and actuarially computed life expectancy. The Retirement Plan also provided that a participant, who completed at least 15 years of service and who became totally disabled, was entitled to receive retirement benefits beginning with the month of disability. After completing 18 years of service with MABSTOA, Mrs. *384 Case was found to be totally disabled. Because she had completed more than 15 years of service and was totally disabled, Mrs. Case became eligible to receive monthly retirement benefits upon the termination of her employment. The retirement benefits payable to Mrs. Case by MABSTOA were normally paid on a monthly basis for as long as the participant lived. However, all members of the Retirement Plan could elect to receive the retirement benefits under one of two options. On April 12, 1976, Mrs. Case submitted to MABSTOA a written election whereby she chose the "Option 2" retirement benefits. Pursuant to this election, Mrs. Case was to receive a reduced monthly benefit payable to her for her lifetime and, upon her death, her designated beneficiary was to receive such amount for that person's lifetime. Petitioner was the named beneficiary with respect to this latter amount. To cover all possibilities, Mrs. Case elected the "Option 1" benefits if she died on or after the effective date of her retirement, but prior to having received her first retirement payment under Option 2. Pursuant to the provisions of Option 1, petitioner was to receive a computed lump-sum distribution in lieu *385 of the monthly payments. Mrs. Case died on May 10, 1976 prior to having received any of her monthly retirement payments. [1] For this reason, the Option 1 election took effect. Accordingly, petitioner, on June 14, 1976, filed an application with MABSTOA for the lump-sum distribution to which he was entitled, and MABSTOA promptly issued a check payable to petitioner in the amount of $45,340.20. On his and his wife's joint return for 1976, petitioner did not report as income any portion of the $45,340.20 which he received during the year from his wife's former employer. In his statutory notice, respondent determined that this amount was includable in petitioner's income in full for the taxable year. OPINION The sole issue to be decided is whether the lump-sum payment received by petitioner from MABSTOA constitutes income to him in the year of receipt. Section 61(a) defines gross income to be all income from whatever source derived, except as otherwise provided. *386 Thus, the distribution received by petitioner is includable in his income unless there is a specific provision excluding it. Section 101(b)(1) provides that "[g]ross income does not include amounts received * * * by beneficiaries * * * of an employee, if such amounts are paid by or on behalf of an employer and are paid by reason of the death of the employee." [2] However, section 101(b)(2)(B) denies the exclusion rule of section 101(b)(1) for any payments with respect to which the deceased employee possessed, immediately before death, a nonforfeitable right to receive such amounts while living. Section 1.101-2(d)(1), Income Tax Regs., provides in part as follows: For the purpose of section 101(b) and this paragraph, an employee shall be considered to have had a nonforfeitable right with respect to -- (i) Any amount to which he would have been entitled -- (a) If he had made an appropriate election or demand, or (b) Upon termination of his employment * * *; or (ii) The present value (immediately before his death) of -- (a) Amounts payable as an annuity (as defined in paragraph *387 (b) of sec. 1.72-2, whether immediate or deferred) by or on behalf of the employer * * *, or (b) Amounts which would have been so payable if the employee had terminated his employment and continued to live; or (iii) Any amount to the extent it is paid in lieu of amounts described in either subdivision (i) or (ii) of the subparagraph. * * * The lump-sum distribution to petitioner in this case was paid to him by Mrs. Case's employer and was paid by reason of her death. See section 101(b)(1). However, Mrs. Case had a right to receive this amount while living. The evidence indicates that, upon her retirement, Mrs. Case had the nonforfeitable right to receive $289.50 a month for the remainder of her life. She opted to receive a reduced amount of $249.61 in return for the assurance that her husband would continue to receive this monthly payment for the rest of his life if he survived his wife. Mrs. Case elected to have a lump-sum distribution paid to her husband in the event that she died prior to having received any monthly payments. The lump-sum payment to petitioner does not qualify for the $5,000 exclusion allowed by section 101(b)(1).Mrs. Case had an absolute right *388 to receive $289.50 per month during her life. Pursuant to section 1.101-2(d)(1), Income Tax Regs., she had a nonforfeitable right to such payment. The lump-sum distribution was paid to petitioner in lieu of the monthly payment to which Mrs. Case was entitled. [3] Accordingly, it is deemed that she had a nonforfeitable right with respect to this amount. See section 1.101-2(d)(1)(iii), Income Tax Regs. it follows from section 101(b)(2)(B) that petitioner is not entitled to the $5,000 exclusion otherwise allowed by section 101(b)(1). On brief, petitioner does not address the applicability or inapplicability of section 101(b)(2). Instead, petitioner launches into a confused discussion of whether section 2039 would cause the inclusion *389 of the amount distributed to petitioner in Mrs. Case's estate. Apparently concluding that the distribution is includable in Mrs. Case's estate, petitioner argues that to subject such payment to income tax is to violate "the basic constitutional premises against double taxation." This contention is without merit. See Darcy v. Commissioner,66 F.2d 581, 585 (2d Cir. 1933), wherein the Second Circuit declared that "the Constitution does not prohibit levying a tax * * * both on the income of a person and upon the same property as a part * * * of his estate if the turn of events makes it such." Accordingly, the full amount of the lump-sum distribution is includable in petitioner's income. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Had she lived, Mrs. Case would have received $249.61 per month pursuant to Option 2 of the Retirement Plan. If she had not elected Option 2, Mrs. Case would have received $289.50 per month for her lifetime.↩
2. The exclusion under sec. 101(b)(1) is limited to $5,000. Sec. 101(b)(2)(A).↩
3. The lump-sum distribution apparently represented the present value of the amount Mrs. Case was entitled to receive had she not chosen Option 1 or Option 2, that is, the present value of $289.50 per month payable over her life expectancy at the time of her retirement. Petitioner has not alleged nor has he attempted to prove that the distribution exceeded the present value of the monthly payments to which Mrs. Case was entitled at retirement.↩